JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Anetta Davis

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Marc I. Simon, Esq. Simon & Simon, P.C.
1818 Market Street, Suite 2000, Philadelphia, PA 19103
(215) 467-4666

## DEFENDANTS

Joseph Lee and First Transit, Inc.

County of Residence of First Listed Defendant   Bergen, New Jersey (Lee)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Lauren E. McGovern, Esq., Landman Corsi Ballaine & Ford P.C. 1617 JFK Blvd, Suite 955, Philadelphia, PA 19103, (215) 561-8540

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
       Plaintiff

☐ 2   U.S. Government
       Defendant

☐ 3   Federal Question
       *(U.S. Government Not a Party)*

☒ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
     Proceeding

☒ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation -
     Transfer

☐ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. § 1332(a) and 28 U.S.C. § 1441 (a)

Brief description of cause:
Plaintiff alleges injuries as a result of a motor vehicle accident at or near 8th Street and Market Street in Philadelphia, PA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
10/17/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

*18CV4465*

PBT

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___Anette Davis 4539 N. Camac St., Philadelphia, PA 19140___

Address of Defendant: ___Joseph Lee 5 Hillside Ct, Ride Field, NJ 0-7677 and First Transit Inc,___
                         600 Vine St. Cincinnati, OH 45201

Place of Accident, Incident or Transaction: ___8th Street - Market St. Philadelphia, PA 19107___

---

**RELATED CASE, IF ANY:**

Case Number: ___ __ ___ ____ ___ __ ___  Judge ___ ____ ___ _ __ _____  Date Terminated ___ __ ___ ____ __

Civil cases are deemed related when *Yes* is answered to any of the following questions·

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☒ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☒ |

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE ___10/17/18___    _____    ___20049___
                         *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I D # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify)* ___ __ _____ ___ ___ _

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☒ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* ___ __ ___ __ _
☐ 7. Products Liability
☒ 8. Products Liability   Asbestos
☐ 9. All other Diversity Cases
      *(Please specify)* ___ ___ _____ ___ ___ _

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, ___ __ ___ ___ __ __ _____ ___ ._____ , counsel of record *or* pro se plaintiff, do hereby certify

☐ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs·

☐ Relief other than monetary damages is sought.

**OCT 17 2018**

DATE ___10/17/18___    _____    ___20485___
                         *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I D # (if applicable)*

NOTE A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**AFFIDAVIT OF SERVICE**

| Case: 180901516 | Court: COURT OF COMMON PLEAS OF THE COUNTY OF PHILADELPHIA | County: PHILADELPHIA, PA |
|---|---|---|
| Plaintiff / Petitioner: ANETTA DAVIS | | Defendant / Respondent: JOSEPH LEE AND FIRST TRANSIT, INC. |
| Received by: Heaven Sent Legal Services | | For: SIMON AND SIMON |
| To be served upon: FIRST TRANSIT, INC. | | |

I, Dan Stein, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | TRACY DECANT - SAFETY MANAGER, COMPANY: 133 ATLANTIC AVE, LAWNSIDE, NJ 08045 |
|---|---|
| Manner of Service: | Business, Sep 17, 2018, 11:00 am EDT |
| Documents: | NOTICE TO DEFEND, COMPLAINT, VERIFICATION, PLAINTIFF'S REQUESTS FOR ADMISSIONS - SET I MOTOR VEHICLE CASES, PLAINTIFF'S(S') INTERROGATORIES ADDRESSED TO DEFENDANT(S), PLAINTIFF'S(S') INTERROGATORIES DIRECTED TO DEFENDANT(S), PLAINTIFF'S(S') REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT(S) AND CERTIFICATE OF SERVICE (Received Sep 14, 2018 at 9:52am EDT) |

**Additional Comments:**
1) Unsuccessful Attempt: Sep 15, 2018, 1:15 pm EDT at COMPANY: 133 ATLANTIC AVE, LAWNSIDE, NJ 08045
Office was closed.

2) Successful Attempt: Sep 17, 2018, 11:00 am EDT at COMPANY: 133 ATLANTIC AVE, LAWNSIDE, NJ 08045 received by TRACY DECANT - SAFETY MANAGER. Age: 40; Ethnicity: Caucasian; Gender: Female; Weight: 140; Height: 5'4"; Hair: Brown; Eyes: Brown;

_____          09/18/2018
Dan Stein                        Date

Heaven Sent Legal Services
421 N 7th St Suite 422
Philadelphia, Pa 19123
866-331-4220

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
Notary Public

_____
Date                    Commission Expires

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINA GRIEB, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 1, 2021

421 N. 7th Street • Suite 422 • Philadelphia, PA 19123 • (866) 331-4220

Case ID: 180901516

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | x | **Civil Action No.:** |
| **ANETTA DAVIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JOSEPH LEE and FIRST TRANSIT, INC.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | x | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1446, defendants Joseph Lee and First Transit, Inc. ("First Transit") (collectively "defendants"), by and through their counsel, hereby removes to the United States District Court District for the Eastern District of Pennsylvania the case captioned Anetta Davis v. Joseph Lee and First Transit, Inc., now pending in the Philadelphia Court of Common Pleas, Law Division, Docket No. 180901516, and as grounds for removal states as follows:

1.      Defendants have been named as a defendant in the above-referenced action now pending in the Court of Common Pleas of Philadelphia County, September 2018 Term, No. 01368.

2.      On September 13, 2018, the above-referenced action was commenced by plaintiff's filing of a Complaint. See Complaint attached hereto at Exhibit A.

3.      On September 17, 2018, First Transit was served with the Complaint via personal services. See Affidavit of Service attached hereto as Exhibit B.

4.      Joseph Lee has not been served with the Complaint.

5.      This Notice of Removal is being filed within thirty (30) days of receipt of the initial pleading by First Transit pursuant to 28 U.S.C. § 1446(b)(1).

6.     In the Complaint, plaintiff alleges that she suffered injuries on April 10, 2018 as a result of the negligence of defendants. See Exhibit A.

7.     Pursuant to 28 U.S.C. § 1332(a), the United States District Court District for the Eastern District of Pennsylvania has original jurisdiction over all actions when the matter in controversy exceeds $75,000 and is between citizens of different states.

8.     Plaintiff is a resident of Pennsylvania. See Exhibit A.

9.     First Transit is a Delaware corporation with its principal place of business in Cincinnati, Ohio.

10.    Defendant Joseph Lee is a resident of New Jersey.

11.    The amount in controversy is in excess of $75,000.

12.    Specifically, the Complaint alleges that the plaintiff sustained serious and permanent injuries to the neck and/or shoulder, as well as emotional injuries. See Exhibit A.

13.    The Complaint also alleges that plaintiff incurred past and future medical expenses, lost wages, loss of earning capacity, property damage, and other financial expenses and losses. See Exhibit A.

14.    Plaintiff also alleges damages in excess of the non-binding arbitration jurisdictional limit of $50,000. See Exhibit A.

15.    Written notice of the filing of this Notice of Removal will be provided to plaintiff, and a copy of this Notice of Removal and supporting papers will be filed with the clerk of the state court, as provided by 28 U.S.C. § 1446(d).

**WHEREFORE**, defendants Joseph Lee and First Transit, Inc. respectfully request that the action described herein now pending in the Philadelphia Court of Common Pleas be removed to this Court.

4852-1347-5449v.1

LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for Defendants Joseph Lee and First
Transit, Inc.

BY:     _____

Lauren E. McGovern, Esq.

Dated:  October 17, 2018

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | x | **Civil Action No.:** |
| **ANETTA DAVIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **JOSEPH LEE and FIRST TRANSIT, INC.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | x | |

## CERTIFICATE OF SERVICE

I, Lauren E. McGovern, certify that on this 17th day of October 2018, a copy of defendants

Joseph Lee and First Transit, Inc.'s ("First Transit") Notice of Removal with supporting documents

was served via first class mail, postage prepaid, upon the following:

> Marc I. Simon, Esq.
> Simon & Simon, P.C.
> 1818 Market Street, Suite 2000
> Philadelphia, PA 19103

BY:  _____

Lauren E. McGovern, Esq.
LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for Defendants
Joseph Lee and First Transit, Inc. ("First Transit")

Dated:  October 17, 2018

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

**SIMON & SIMON, P.C.**
BY:  Marc I. Simon, Esquire
     Joshua A. Rosen, Esquire
     Matthew J. Zamites, Esquire
     Brian F. George, Esquire
     Andrew Baron, Esquire
     Grady Lowman, Esquire
     Jason Whalley, Esquire
     Joshua Baer, Esquire
     Michael K. Simon, Esquire
     Sam Reznik, Esquire
     Bryan Arner, Esquire
     Jennifer Hoffman, Esquire

Mary G. McCarthy, Esquire
Harry Gosnear, Esquire
Daniel Ward, Esquire
Frank Palecko, Esquire
Gabriel Magee, Esquire
James Gundlach, Esquire
Christopher Green, Esquire
Stacy Hughes, Esquire
Thomas Lipscomb, Esquire
Lauren Mazitelli, Esquire
Kevin Boswell, Esquire

*Filed and Attested by the
Office of Judicial Records
13 SEP 2018 02:41 pm
A. SILIGRINI*

Attorney ID No.'s:
*201798*

*Attorneys for Plaintiff*

1818 Market Street, 20th Floor
Philadelphia, PA 19103
(215-467-4666)

| | |
|---|---|
| Anetta Davis<br>4539 N. Camac Street<br>Philadelphia, PA 19140 | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| Plaintiff | September Term 2018 |
| v. | |
| Joseph Lee<br>5 Hillside Court, Floor 1<br>Ridgefield, NJ 07657 | |
| And | |
| First Transit, Inc.<br>133 E Atlantic Avenue<br>Lawnside, NJ 08045 | |
| Defendants | |

Case ID: 180901516

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by Ms. Olson. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND
INFORMATION SERVICE
One Reading Center
Philadelphia Pennsylvania 19107
Telephone: (215) 238-1701**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE
FILADELFIA
SERVICIO DE REFERENCIA E
INFORMACIÓN LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-1701**

Case ID: 180901516

## COMPLAINT

1.     Plaintiff, Anetta Davis, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.     Upon information and belief, Defendant, Joseph Lee, is a resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

3.     Defendant, First Transit, Inc. is a business entity registered to do business in the State of New Jersey, with a business address listed in the caption of this Complaint.

4.     On or about April 10, 2018, at or about 7:00 a.m. Plaintiff, Anette Davis, was the operator of a motor vehicle, traveling on 8th Street, at or near the intersection of Market Street, in Philadelphia, PA.

5.     At or about the same date and time, Defendant, Joseph Lee, was the operator of a motor vehicle, which was owned by Defendant, First Transit, Inc., which was traveling at or near the aforesaid intersection and/or location of Plaintiff's vehicle.

6.     At or about the same date and time, Defendant's vehicle was involved in a motor vehicle collision striking Plaintiff's vehicle.

7.     At all times relevant hereto, upon information and belief, Defendant, Joseph Lee, was operating the aforementioned defendant, First Transit, Inc.'s motor vehicle as defendant's agent, servant and/or employee acting in the scope of their agency.

8.     The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his vehicle in such a manner so as to entering Plaintiff's lane of travel, striking Plaintiff's vehicle on the passenger's side.

9.     As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness of the Defendants, Plaintiff has sustained serious permanent personal injuries and damages.

Case ID: 180901516

10.     As a result of the incident, Plaintiff suffered severe and permanent injuries including neck and shoulder injuries, as set forth more fully below.

## COUNT I
**Anetta Davis v. Joseph Lee**
**Personal Injury—Negligence**

11.     Plaintiff incorporate by reference herein the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

12.     The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle collision and the resultant injuries and damages suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a.   Entering Plaintiff's lane of travel, striking Plaintiff's vehicle on the passenger's side;

    b.   Operating his vehicle into Plaintiff's lane of travel;

    c.   Failing to maintain proper distance between vehicles;

    d.   Operating his vehicle in a negligent and/or careless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

    e.   Failing to have his vehicle under proper and adequate control;

    f.   Operating his vehicle at a dangerous and excessive rate of speed under the circumstances;

    g.   Violation of the assured clear distance rule;

    h.   Failure to keep a proper lookout;

    i.   Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff or Plaintiff's vehicle;

    j.   Being inattentive to his duties as an operator of a motor vehicle;

    k.   Disregarding traffic lanes, patterns, and other devices;

l.   Driving at a dangerously high rate of speed for conditions;

m.   Failing to remain continually alert while operating said vehicle;

n.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.   Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p.   Failing to exercise ordinary care to avoid a collision;

q.   Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.   Operating said vehicle with disregard for the rights of Plaintiff, even though Defendant was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

s.   Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when Defendant saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t.   Driving too fast for conditions;

u.   Violating the Pennsylvania Vehicle Code;

v.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles.

13.   As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of

Case ID: 180901516

pre-existing conditions and others ills and injuries including neck and shoulder injuries, all to Plaintiff's great loss and detriment.

14.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff0s' great financial detriment and loss, Plaintiff has in the past, are presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

15.    As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

16.    As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

17.    As a further result of Plaintiff's injuries, they have in the past, are presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

18.    Furthermore, in addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 et. seq. as amended.

WHEREFORE, Plaintiff pray for judgment in their favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT II
### Anetta Davis v. First Transit, Inc.
### Negligent Entrustment

19.     Plaintiff incorporate the foregoing paragraphs of this Complaint as if set forth fully at length herein.

20.     The negligence and/or carelessness of Defendant, First Transit, Inc., which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

      a.  Permitting Defendant, Joseph Lee, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

      b.  Permitting Defendant, Joseph Lee to operate the motor vehicle when Defendant, First Transit, Inc., knew, or in the exercise of due care and diligence, should have known that Defendant, Joseph Lee, was capable of committing the acts of negligence set forth above;

      c.  Failing to warn those persons, including the Plaintiff, that Defendant, First Transit, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Joseph Lee's negligent operation of the motor vehicle.

21.     As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries including neck and shoulder injuries, all to Plaintiff's great loss and detriment.

22.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, are presently and may in the

future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23.     As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

24.     As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

25.     As a further result of Plaintiff's injuries, Plaintiff has in the past, are presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

26.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff have also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff pray for judgment in their favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT III
### Anetta Davis v. First Transit, Inc.
### Respondeat Superior

27.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

28.     The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consist of, but is not limited to:

     a.  Entering Plaintiff's lane of travel, striking Plaintiff's vehicle on the passenger's side;

     b.  Operating his vehicle into Plaintiff's lane of travel;

     c.  Failing to maintain proper distance between vehicles;

     d.  Operating his vehicle in a negligent and/or careless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

     e.  Failing to have his vehicle under proper and adequate control;

     f.  Operating his vehicle at a dangerous and excessive rate of speed under the circumstances;

     g.  Violation of the assured clear distance rule;

     h.  Failure to keep a proper lookout;

     i.  Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff or Plaintiff's vehicle;

     j.  Being inattentive to his duties as an operator of a motor vehicle;

     k.  Disregarding traffic lanes, patterns, and other devices;

     l.  Driving at a dangerously high rate of speed for conditions;

     m.  Failing to remain continually alert while operating said vehicle;

     n.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.  Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p.  Failing to exercise ordinary care to avoid a collision;

q.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.  Operating said vehicle with disregard for the rights of Plaintiff, even though Defendant was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

s.  Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when Defendant saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles.

29.     As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries including neck and shoulder injuries, all to Plaintiff's great loss and detriment.

30.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

31.     As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

Case ID: 180901516

32.     As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

33.     As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

34.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff have also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff demand judgment in Plaintiff's favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY:     _____/s_____
        Marc I. Simon, Esquire
        Simon & Simon, P.C.
        1818 Market Street
        Suite 2000
        Philadelphia, PA 19103
        215-467-4666
        *Attorney for Plaintiff*

Case ID: 180901516

## **VERIFICATION**

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

Marc I. Simon

Case ID: 180901516

## **VERIFICATION**

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

Case ID: 180901516